UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Andrey L. Bridges,** | ) | CASE NO. 1:23 CV 1481 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Patricia A. Blackmon,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Andrey L. Bridges filed this action under 42 U.S.C. § 1983 against Ohio Eighth District Court of Appeals Judges Mary J. Boyle, Frank D. Celebrezze, Jr., Eileen T. Gallagher, Sean C. Gallagher, Eileen A. Gallagher, Kathleen A. Keough, Mary Eileen Kilbane, Anita Laster Mays, and Emanuella D. Groves; former Ohio Eighth District Court of Appeals Judges Patricia A. Blackmon, Tim McCormack, and Melody J. Stewart; Ohio Attorney General Dave Yost; Cuyahoga County Prosecutor Michael O'Malley; Cuyahoga County Common Pleas Court Judge Holly L. Gallagher; and John/Jane Does 1 - 6. Bridges claims the defendants prevented him from raising meritorious challenges to his 2013 murder conviction, denying him procedural and substantive due process and his right to seek grievances related to his conviction. He seeks monetary damages and whatever other relief the Court finds to be a justifiable remedy.

**BACKGROUND**

This case arises from decisions made by Cuyahoga County Common Pleas Court Judge Holly Gallagher and Ohio Eighth District Court of Appeals judges in the course of Bridges's 2013 criminal trial, post conviction proceedings, various motions, and numerous appeals. His filings were so prolific that the Ohio Eighth District Court of Appeals declared Bridges to be a vexatious litigator and barred him from filing future appeals without first obtaining leave of court and paying the full filing fee. He now brings this civil rights action against the defendants claiming that they engaged in acts of misconduct and placed procedural barriers in his path to keep him from prevailing on meritorious challenges to his conviction. He asserts that they denied him his right to file grievances to contest his conviction and deprived him of his liberty without procedural or substantive due process. He contends that he is not challenging his conviction.

Bridges was arrested on May 4, 2013, and charged with aggravated murder, murder, felonious assault, tampering with evidence, and offenses against a human corpse in connection with the death of Carl Acoff, Jr. Cuyahoga County Common Pleas Court Judge Holly Gallagher presided over his case. Michael O'Malley was the prosecutor. Bridges alleges he was unhappy with the representation he was receiving from his appointed attorneys and asked Judge Holly Gallagher to appoint new counsel. He contends she refused to do so and when he asked if he could appeal that decision, she said no. The case proceeded to a trial by jury. In November 2013, the jury found Bridges not guilty of aggravated murder but guilty of the lesser included offense of murder and the other offenses for which he was indicted. He was sentenced to an aggregate term of 18 years and six months to life in prison.

Bridges, through counsel, filed an untimely notice of appeal with the Ohio Court of Appeals. He then filed a Motion for Leave to File a Delayed Appeal which the Ohio Eighth District Court of Appeals granted. Bridges raised three assignments of error challenging the weight and sufficiency of the evidence. The Ohio appeals court overruled all three assignments of error and affirmed the decision of the trial court. *State v. Bridges*, No. 100805, 2014 WL 5306776 (Ohio App. 8 Dist. Oct. 16, 2014). Bridges filed a timely notice of appeal with the Ohio Supreme Court but on April 8, 2014, the Court declined to accept jurisdiction of the appeal under S.Ct.Prac.R. 7.08(B)(4).

On July 23, 2014, Bridges filed a *pro se* Post-Conviction Petition in the trial court. The trial court denied Bridges's petition without a hearing. He then filed a request for findings of fact and conclusions of law. In her opinion, Judge Gallagher found that Bridges failed to establish substantive grounds for relief and denied the petition. Bridges claims he did not receive that ruling.

Nevertheless, Bridges filed a timely notice of appeal with the Ohio Eighth District Court of Appeals. The appellate court, *sua sponte*, dismissed the appeal for failure to file the record. Bridges claims he filed a motion with the trial court asking Judge Gallagher to send the record to the appellate court but she did not do so. Bridges filed a timely second notice of appeal with the Ohio appellate court. Again, the appellate court dismissed the appeal on October 31, 2014, for failure to file the record. Plaintiff claims that after his appeal was dismissed, Judge Gallagher denied as moot his motion to send the record to the appeals court.

Bridges filed a second Post-Conviction Petition in the trial court, claiming he was denied the effective assistance of counsel, the trial court lacked subject matter jurisdiction over his case,

he was denied a speedy trial, and he was denied a fair trial due to both witness misconduct and prosecution misconduct. The trial court denied Bridges's petition on March 24, 2015. Bridges filed a request for findings of fact and conclusions of law which the trial court denied. He appealed that decision and asked the appellate court to consolidate the appeal of his Post-Conviction Petition with another appeal he had pending relating to the denial of a Motion for a New Trial. The court granted the motion and consolidated the appeals. The appellate court then overruled Bridges's assignments of error and affirmed the decisions of the trial court. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 102903 and 103090, 2015 WL 9438519 (Ohio App. 8 Dist. Dec. 24, 2015).

On October 13, 2015, Bridges filed a Motion to Vacate Void Judgment for Lack of Jurisdiction which the trial court denied. He filed an appeal of that decision on October 15, 2015. In May 2016, Bridges filed a Motion for Leave to Correct Error in his conviction due to insufficient evidence. The trial court denied the motion. Bridges appealed the trial court's rulings and the appellate court affirmed the trial court in October 2016. *State v. Bridges*, Nos. 103634 and 104506, (Ohio App. 8 Dist. Oct. 2016).

Bridges then filed a Petition for a Writ of Habeas Corpus in this Court on December 10, 2015. *Bridges v. Sloan*, No. 1:15 CV 2556, 2018 WL 7917920, at *1  14 (N.D. Ohio Feb. 25, 2019) (Zouhary, J.). On February 25, 2019, United States District Court Judge Jack Zouhary adopted the Magistrate Judge's Report and Recommendation dismissing with prejudice in part and denying in part Bridge's habeas petition. Bridges filed an appeal of this decision to the United States Sixth Circuit Court of Appeals on March 18 2019. The Sixth Circuit denied his

application for a certificate of appealability on November 22, 2019. The Supreme Court of the United States denied his petition for a writ of certiorari on February 24, 2021.

In December 2017, while his federal habeas petition was pending, Bridges filed a Motion for Leave to File Void or Voidable Judgment. The trial court denied Bridges's motion and he appealed. The appellate court affirmed the trial court, finding the motion to be both untimely and barred by *res judicata*. *State v. Bridges*, No. 106653, 2018 WL 4113 (Ohio App. 8 Dist. Oct. 11, 2018).

On June 26, 2019, and on November 29, 2021, Bridges filed motions attempting to reopen his 2014 post conviction petitions. The trial court denied the motions. The Ohio appellate court affirmed those decisions. At that time, Bridges was declared a vexatious litigator and barred from filing future appeals without leave of court and without payment of the full filing fee. *State v. Bridges*, No. 111833 (Ohio App. 8 Dist. Mar. 30, 2023).

Bridges has now filed this civil rights action under 42 U.S.C. § 1983 against the trial judge, the appellate court judges, the prosecutor, and the Ohio Attorney General. He states that his claims in his petitions, motions, and appeals had merit and that he "won" those cases but the judges' decisions prevented him from obtaining relief. His Complaint contains five discernable causes of action. First, he claims that Judge Holly Gallagher denied him due process by failing to forward the record of his criminal case to the Ohio Eighth District Court of Appeals causing his appeal of this Post-Conviction Petition to be dismissed in October 2014. He claims Judges Eileen T. Gallagher, Frank Celebreeze, Jr., and Emanuella Groves recognized the deprivation of rights caused by Judge Holly Gallagher but rendered decisions that prevented him from redressing the deprivation of his rights. Second, he claims the defendants conspired together to

deprive him of his right to file appeals and grievances by declaring him to be a vexatious litigator. Third, he asserts claims for obstruction of justice. He alleges that the prosecutors and judges withheld exculpatory evidence that demonstrated his innocence of the crime, including a statement from a person who claimed to see the murder victim alive after the victim was thought to have been killed. He claims his arguments were meritorious but the judicial defendants would not rule in his favor. Bridges states this is punishable under 18 U.S.C. § 401(1). Fourth, he asserts a claim for abuse of power. He contends the defendants deprived him of his right to file grievances, his right to substantive due process, and his right to procedural due process by dismissing his claims. Finally, he claims the defendants acted unprofessionally by tampering with records, withholding exculpatory information, and forcing him to overcome procedural hurdles. He indicates that he is not seeking monetary damages but asks the Court to do what it deems justifiable to relieve him from the alleged civil rights violations. He then indicates he is seeking $8,000.00 from each defendant in compensatory damages and $99.99 in nominal damages. Bridges states many times throughout his Complaint that he is not attempting to challenge his conviction or his sentence.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

As an initial matter, Bridges cannot raise claims in a civil rights action if a favorable decision on the merits of his claims would call into question the validity of his conviction or sentence. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the court determines that the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

In this case, Bridges asserts that the judges and prosecutor deprived him of meritorious claims and defenses by making him jump through procedural hurdles and by not ruling in his favor. He contends Judge Holly Gallagher deprived him of a meritorious appeal of his Post-Conviction Petition by not sending the record to the court of appeals. He contends Michael O'Malley engaged in prosecutorial misconduct and withheld exculpatory evidence. He alleges the appellate court judges engaged in misconduct and denied meritorious claims. A ruling in Bridges's favor on these claims would call his conviction into question. He, therefore, cannot proceed with this action unless his conviction has been overturned on appeal or called into question by a federal writ of habeas corpus. His conviction, however, was affirmed on appeal and his federal habeas petition was denied in part and dismissed in part. He cannot proceed with these claims in a civil rights action.

Furthermore, all of the defendants are immune from suits for damages. The judges are absolutely immune from suits for damages that arise from decisions they made in the course of

presiding over a case as long as they were acting as judges, not civilians, when they committed the actions and as long as the court over which they presided had jurisdiction over the type of case in which the decisions were made. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). The claims in this case are based on decisions the judges rendered while presiding over Bridges's criminal case and his appeals, and the courts had subject matter jurisdiction over criminal cases and appeals of criminal convictions. Judges Patricia A. Blackmon, Mary J. Boyle, Frank D. Celebrezze, Jr., Eileen T. Gallagher, Sean C. Gallagher, Eileen A. Gallagher, Kathleen A. Keough, Mary Eileen Kilbane, Anita Laster Mays, Tim McCormack, Melody J. Stewart, Emanuella D. Groves, and Holly Gallagher are absolutely immune from suits for damages.

Similarly, Michael O'Malley and Dave Yost are entitled to prosecutorial immunity for claims against them which are based on actions taken to initiate a prosecution and to present the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Immunity also extends to protect prosecutors from claims related to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The claims against O'Malley all pertain to his role in prosecuting Bridges. Dave Yost is not mentioned in the body of the Complaint. To the extent he is named as a defendant for his role in representing the State of Ohio in certain post conviction proceedings, including federal habeas corpus proceedings, he is considered to be a prosecutor. Both O'Malley and Yost are immune from suit in this case.

To the extent Yost is not included as a defendant for his role in representing the state in various post conviction proceedings, the claim or claims against him must be dismissed. To meet

federal notice pleading requirements, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This means that Bridges must allege facts clearly showing that Yost was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Because there are no allegations against Yost in the Complaint, the claims against him are dismissed.

Finally, even if Bridges's claims were cognizable in a § 1983 action and the defendants were not immune from suit, Bridge's claims, with the exception of the March 2023 declaration of Bridges as a vexatious litigator, would be time-barred. Ohio's two-year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). This action was filed on July 28, 2023. Any claims that pertain to actions that occurred prior to July 28, 2021, are time-barred.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/25/23